BENNET ET AL v. STRAIT ET AL.

BEYMER v. THE SAME.

1. **Husband and Wife:** TITLE OF WIFE'S LAND IN HUSBAND: WIFE NOT ESTOPPED AS AGAINST HUSBAND'S CREDITORS.   Where land was bought with the wife's money, but the title taken to the husband, and after the husband had incurred some indebtedness, which had not been reduced to judgment, he conveyed the title to his wife, *held* that (no fraud being shown) the wife was not estopped to assert her title as against the demands of the creditors, who, having reduced their claims to judgment, sought to satisfy them by a sale of the land.   *Crouse v. Morse,* 49 Iowa, 382, followed.

*Appeal from Adams Circuit Court.*

THURSDAY, JUNE 5.

THESE are actions in equity in the nature of creditor's bills, by which it is sought to set aside a certain conveyance of real estate from the defendant, J. V. Strait, to the defendant, Charlotte W. Strait, upon the ground that said conveyance was

fraudulent as to the plaintiffs, who were creditors of the grantor. There was a trial before a referee, who reported in favor of the defendants. The report was approved by the court, and a decree was entered for the defendants. Plaintiffs appeal.

*J. W. Maley*, for appellants.

*W. O. Mitchell*, for appellees.

ROTHROCK, CH. J.—The defendants are husband and wife. In September, 1872, they removed from the state of Ohio to Adams county, in this state. In the month of February, 1872, they bought one hundred and sixty acres of land in Adams county, part of which is in controversy in this action. The purchase was made for them by their son-in law, who then resided near the land. The title to the land was taken in the name of J. V. Strait, but the evidence shows pretty conclusively that Charlotte W. Strait furnished the money with which the purchase was made. On the fourth day of January, 1877, J. V. Strait executed and acknowledged a conveyance of the land to his said wife. Before that time he had become indebted to the plaintiffs in small amounts. These debts were reduced to judgments after the conveyance, and the sole question to be determined is, whether the conveyance should be held to be fraudulent as to these creditors.

We think the court below correctly found that the alleged fraudulent character of the conveyance was not established by the evidence. Counsel for appellants insist that, because the title was taken in the name of the husband, and while thus held the debts were contracted, the wife should be estopped from asserting her equitable title to the land as against the plaintiffs. That the law of estoppel has no application from the mere fact of the husband's holding the title when the debt was contracted, see *Crouse v. Morse*, 49 Iowa, 382.

AFFIRMED.