FARMERS STATE BANK OF LIDDERDALE, Appellant, v. ADAM
SCHLEISMAN et al., Appellees.

HUSBAND AND WIFE:    Conveyances—Withholding from Record—
Effect.  The non-fraudulent act of a wife in withholding from rec-
ord a deed of land from the husband will not estop her from disputing
the title of the husband when she did not know or have reason to know
that anyone would be extending credit to the husband in reliance on
his supposed title.

Headnote 1:  21 C. J. p. 1175; 30 C. J. p. 833 (Anno.)

Headnote 1:  30 L. R. A. (N. S.) 1; 46 L. R. A. (N. S.) 1097; 10
R. C. L. 743.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

APRIL 5, 1927.

Creditor's bill.  Judgment for defendant.  Plaintiff appeals.
—*Affirmed.*

*Salinger, Reynolds & Meyers,* for appellant.

*E. A. Wissler,* for appellees.

MORLING, J.—Under date of August 28, 1923, Adam
Schleisman, now deceased, conveyed to his wife, the defendant
Maggie Schleisman, the land in controversy, called the Arneil
farm.  The deed was not recorded until January 9, 1924.  Plain-
tiff alleges that this deed was executed for the purpose of de-
frauding plaintiff, and was without any consideration.  There is
no evidence to sustain this allegation.  Plaintiff also alleges
quite indefinitely that it extended credit to Adam Schleisman
on the faith of his apparent ownership of the land, and that, by
reason thereof, and by her laches, she is estopped from now
asserting the ownership.  The evidence is that, though the land
was purchased in the name of Adam Schleisman, and he paid
$1,000 down at the time the contract was made, the balance of
the consideration, amounting to $22,400, above the purchase-
money mortgage and note of $11,700, which were executed by

Maggie, was paid by Maggie. The evidence is that, at the time she made these payments, it was agreed that the title should be. put in her name. This was about March 1, 1920. Defendant says that she talked to her husband several times about it, and he said she "would get it." She also talked to the cashier of the bank of which the plaintiff is successor, telling him that the deed had to be changed, and testifies that he said he would change it for her "one of these days." Defendant says that, when the deed was made, it was too late to have it recorded; that she took it home with her, and did not think of it again until winter. The evidence tends to show that, on February 28, 1922, Adam borrowed of plaintiff's predecessor $1,500. Over proper objection, the plaintiff's cashier, who is not shown to have had any knowledge of the facts, testified that Adam borrowed the money for the purpose of paying interest on the mortgages on the land in question and on another farm owned by Adam. The evidence tends to show also that the plaintiff accepted from its predecessor a note for the balance of this loan, and also notes which were signed by Adam as surety for his son Elmer, and granted extensions of them in reliance upon Adam's apparent record ownership of the land; but there is evidence that the cashier of the plaintiff's predecessor, who was also employed by the plaintiff, knew that the land was to be conveyed by Adam to the defendant; and there is also evidence that, when the question came up about accepting the notes, one of plaintiff's directors raised the question whether the farm was in Adam's name. There is evidence also that the former cashier had made request that defendant sign the notes. Adam Schleisman was not engaged in business, and there is no evidence that the defendant knew, or had any reason to suppose, that he would be borrowing money, or would be asking for credit, or that any credit would be extended to him in reliance upon his apparent ownership. There is no evidence that the transfer or the recording of it were intentionally withheld, or withheld for the purpose of giving Adam false credit or the appearance of being the owner. There is no evidence of any fraudulent purpose whatever in connection with the transaction. It is essential to estoppel in such a case that the wife should know, or that the circumstances should be such that she ought to know, that others were or might be dealing with the husband to their preju-

dice, in reliance upon his apparent ownership. *Bennet v. Strait,* 63 Iowa 620; *Crouse v. Morse,* 49 Iowa 382; *DeBerry v. Wheeler,* 128 Mo. 84 (30 S. W. 338, 49 Am. St. 538); *Ellis v. Thompson* (Mo.), 264 S. W. 804; *Marston v. Dresen,* 85 Wis. 530 (55 N. W. 896); 21 Corpus Juris 1175; *Mayer v. Kane,* 69 N. J. Eq. 733 (61 Atl. 374). The plaintiff has failed to bring its case, either in pleading or proof, within the requirements of an estoppel. No claim is based upon the supposed use of a part of the money borrowed by Adam in paying interest on the land in question. There is no competent evidence that such was the fact, and no showing in pleading or proof that the defendant knew thereof, or has been guilty of any conduct which would make her or the land liable therefor.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.